IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKIE MYERS and B.W. MYERS,
wife and husband,

    Plaintiffs,

v.                                  Civil Action No. 5:05CV134
                                              (STAMP)
H. JOHN REASON, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**MEMORANDUM OPINION AND ORDER OF MAGISTRATE JUDGE**
**DENYING DEFENDANT'S MOTION TO COMPEL AS UNTIMELY**

I.  Introduction

The above-styled civil action is a medical malpractice case in which Jackie and B.W. Myers (together, "the Myers") seek damages from the defendant, H. John Reason, M.D. ("Dr. Reason"), for allegedly unnecessarily removing both of Ms. Myers' ovaries. Following the commencement of discovery in this case, a dispute arose between the parties, particularly concerning the Myers' disclosure of certain medical records. On November 1, 2006, Dr. Reason filed a motion to compel discovery responses from the plaintiffs to which the Myers did not respond. An evidentiary hearing was held on the motion before United States Magistrate Judge James E. Seibert on November 29, 2006. Thereafter, Magistrate Judge Seibert issued a memorandum opinion and order denying Dr. Reason's motion to compel as untimely. On December 12, 2006, Dr. Reason filed objections to the magistrate judge's opinion

and order. On December 20, 2006, the Myers responded to Dr. Reason's objections. The following is a chronological summary of the events that lead to Dr. Reason's motion to compel and the magistrate judge's denial of the same:

On December 7, 2005, Dr. Reason served interrogatories and requests for production on the Myers. Under Federal Rules of Civil Procedure 33 and 34, the Myers had until January 9, 2006[1] to answer the interrogatories and to respond to the requests for production. The Myers tendered responses on January 9, 2006 and tendered supplemental responses on May 10, 2006. In August 2006, Dr. Reason retained different counsel. This Court approved the substitution of D.C. Offutt, Jr. and the law firm of Offutt, Fisher & Nord for defendant's previous counsel, James C. Wright and Jacob A. Manning, and the law firm of Steptoe & Johnson, P.L.L.C.

On August 31, 2006, Dr. Reason's new counsel wrote a letter to plaintiffs' counsel expressing the belief that the Myers had not adequately responded to Dr. Reason's interrogatories and requests for production that were served on December 7, 2005. In the letter, defense counsel requested that the Myers supplement their responses accordingly by September 21, 2006.

---

[1] Under Rules 33 and 34, answers to interrogatories and requests for production shall be served within thirty (30) days of service of the request. Rule 6(e) adds an additional three (3) days to this prescribed response period when a party makes service by mail, fax, email, etc. Thirty-three (33) days from December 7, 2005 is January 9, 2006.

On September 29, 2006, the Myers tendered their second supplemental response to Dr. Reason's December 7, 2005 request for production of documents. On November 1, 2006, Dr. Reason filed a motion to compel asserting that, to date, the defendant has not received adequate responses to Interrogatory Nos. 5, 7, 12, 13, 15, 16, and 20 and Request for Production Nos. 1, 2, 3, 4, and 7. The magistrate judge denied the motion to compel as untimely, and because the defendant has filed objections, that ruling is currently before this Court for review.

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

This Court has reviewed the magistrate judge's order denying the motion to compel as well as the defendant's objection to that order and the plaintiffs' response to the defendant's objection and

finds that the magistrate judge's order is neither clearly erroneous nor contrary to law. Accordingly, the ruling of the magistrate judge is affirmed.

## II. Applicable Law

Local Rule of Civil Procedure 37.02 states in pertinent part:

> A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party.

LR Civ P 37.02(a)(3).

## IV. Discussion

In his Memorandum Opinion and Order Denying Defendant's Motion to Compel as Untimely, the magistrate judge found that Dr. Reason's motion to compel should have been filed on or before February 11, 2006[2] in order to meet the filing deadline imposed by Local Rule of Civil Procedure 37.02(a)(3). Because Dr. Reason did not file the motion to compel until November 1, 2006, the magistrate judge held that the motion was untimely and must be denied.

Dr. Reason objects to the magistrate judge's ruling on the following grounds: (1) that this Court's order of October 11, 2006, granting the defendant's motion to continue the trial and amending

---

[2] Under Rules 33, 34, and 6(e), the Myers' discovery responses were due on January 9, 2006. Thirty-three (33) days from January 9, 2006 is February 11, 2006.

4

the scheduling order, reopened a new thirty (30) day period in which to file a motion to compel; (2) that West Virginia Code § 55-7B-6a does not limit the obligation of the plaintiff to provide access to medical records to the procedural confines of the discovery rules; and (3) that good faith efforts by Dr. Reason's current counsel to resolve the discovery disputes and the "equivocal responses" of plaintiffs' counsel to discovery requests constitute the type of "excusable neglect" or "action of the non-moving party" contemplated by LR Civ P 37.02(a)(3). In their response to Dr. Reason's objections, the Myers' argue that none of Dr. Reason's objections establish that the magistrate's opinion and order was clearly erroneous or contrary to law.

First, Dr. Reason objects to the magistrate judge's memorandum opinion and order by arguing that this Court's order of October 11, 2006 (granting defendant's motion to continue and amending the scheduling order) reopened any previously expired time periods for filing discovery motions. This argument, however, is contrary to the plain language of that order. If this Court had intended to grant Dr. Reason additional time to file a motion to compel with respect to his December 7, 2005 interrogatories and requests for production, it would have done so explicitly. Although this Court granted additional time for discovery and directed the parties to attempt to resolve any discovery disputes that "may now exist or

5

which may later arise," these actions do not impliedly revive any previously expired time periods for filing a motion to compel.

Second, Dr. Reason objects to the magistrate judge's order because it "omits a standard imposed by West Virginia law." Dr. Reason contends that his motion to compel should be granted because under West Virginia Code § 55-7B-6a, the plaintiff in a medical negligence case is required to supply the defendant with all relevant records within his control within thirty (30) days following the filing of the answer. Dr. Reason argues that this statutory mandate does not limit the obligation of the plaintiff to provide access to medical records to the procedural confines of the discovery rules and that the motion to compel was therefore timely under West Virginia law. Dr. Reason's counsel did not raise this argument at the hearing on the motion to compel held before Magistrate Judge Seibert. Failure to present objections to a magistrate judge on a non-dispositive ruling waives the right to raise those objections on appeal to the district court. Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997); see also Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding that the district court did not err in refusing to consider claim not raised before magistrate judge); Greenhow v. Sec'y of Health & Human Servs., 863 F.3d 633, 638-39 (9th Cir. 1988)(finding that district court was well within its discretion to deny litigant's attempt to offer new contentions not raised before

the magistrate judge where litigant showed no exceptional circumstances to excuse the failure to raise the issue before the magistrate), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992).  The defendant here has shown no exceptional circumstances to explain his failure to make his argument regarding W.Va. Code §55-7B-6a before the magistrate judge.  Accordingly, because this argument was not presented to the magistrate judge for his consideration before decision, the Court declines to consider it now.[3]  "Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate . . . ."  Jordan v. Tapper, 143 F.R.D. 567, 571 (D.N.J. 1992)(citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F. Supp. 1299 (S.D. Ill. 1990)).

Finally, Dr. Reason objects that the untimeliness of his motion to compel is excused by the good faith efforts of his attorneys to resolve the discovery disputes without court intervention and by the "equivocal responses" of plaintiffs' counsel to discovery requests.  The magistrate judge considered this argument in his memorandum opinion and order and concluded that Dr. Reason failed to demonstrate the type of "excusable neglect" or "action of the non-moving party" that would excuse his

---

[3]The Court makes no ruling on whether a subsequent motion to compel invoking the disclosure requirement of West Virginia Code § 55-7B-6a would be timely.

7

failure to file a timely motion to compel under Local Rule of Civil Procedure 37.02(a)(3). This Court finds no clear error in the magistrate judge's conclusion.

Although this Court appreciates any good faith efforts of counsel to resolve discovery disputes without court intervention, the duty to meet imposed by Local Rule of Civil Procedure 26.04(b) does not supplant or extend the thirty (30) day deadline provided by Local Rule of Civil Procedure 37.02(a)(3) for filing a motion to compel. Dr. Reason filed the discovery requests at issue on December 7, 2005. The Myers then had until January 9, 2006 to respond. If Dr. Reason believed that the Myers did not tender satisfactory responses by that date, under Local Rule of Civil Procedure 37.02(a)(3), he had until February 11, 2006 to file a motion to compel. Dr. Reason did not file the subject motion to compel until November 1, 2006 –- over eight months after the February 11 deadline.

Further, as noted by the magistrate judge, even if the Court were to use September 21, 2006 (the deadline <u>substitute</u> counsel provided the plaintiffs for filing supplemental responses) to calculate the timeliness of the motion to compel, the motion would still be untimely. When the Myers failed to provide adequate supplementation by September 21, 2006, Dr. Reason would have had until October 24, 2006 to file a motion to compel. However, the subject motion to compel was not filed until November 1, 2006.

Reviewing the entire evidence, this Court is not left with the kind of definite and firm conviction that a mistake has been committed necessary to reverse the ruling of the magistrate judge. The magistrate judge's conclusion that the untimeliness of the motion to compel cannot be excused is not clearly erroneous or contrary to the law. Accordingly, the magistrate judge's ruling that Dr. Reason's motion to compel is untimely must be affirmed.

## V. Conclusion

For the reasons stated above, the defendant's objections to the magistrate judge's memorandum opinion and order are OVERRULED and the magistrate judge's memorandum opinion and order denying the defendant's motion to compel discovery is AFFIRMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum, opinion, and order to counsel of record herein.

DATED:    January 8, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE