IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKIE MYERS and B.W. MYERS,
wife and husband,

    Plaintiffs,

v.                                     Civil Action No. 5:05CV134
                                                      (STAMP)

H. JOHN REASON, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTIONS IN LIMINE**
**REGARDING DRUG SEEKING BEHAVIOR ON**
**THE PART OF PLAINTIFF, JACKIE MYERS**

On September 20, 2006, plaintiffs filed a motion in limine with this Court seeking an order prohibiting any references being made to alleged drug seeking behavior on the part of plaintiff, Jackie Myers. On January 11, 2007, plaintiffs filed a similar motion specifically seeking an order prohibiting defendant's expert, Douglas K. Rex, M.D., from furnishing any testimony "touching on alleged drug seeking behavior by the plaintiff, Jackie Myers." Defendant, H. John Reason, M.D. ("Dr. Reason"), filed, on September 28, 2006, a response to the first motion in limine of the plaintiffs on this subject and, on January 18, 2007, filed a response to the second motion in limine, the motion directly relating to Douglas K. Rex, M.D., defendant's expert.

This Court on several occasions, most recently at the pretrial in this case, heard oral argument on these two motions. This Court has reviewed the plaintiffs' motions and the defendant's responses thereto along with documents submitted in connection with those

motions as well as a transcript of the most recent pretrial conference at which oral argument was presented.

This Court is of the opinion that these motions in limine should be and the same are hereby GRANTED. In this Court's opinion, any relevancy pursuant to Federal Rule of Evidence 401 is excludable under Federal Rule of Evidence 403 because any probative value in such evidence is substantially outweighed by the danger of unfair prejudice to the plaintiffs as well as a confusion of the issues and a misleading of the jury.[1]

In the plaintiffs' initial motion in limine filed September 20, 2006, the plaintiffs attached as an exhibit a progress note from defendant, Dr. Reason, bearing a stamp dated June 11, 2003. In that report, Dr. Reason sets forth a history taken from the plaintiff, Jackie S. Myers, in which he states: "She has admitted to using three Vicodin per day most days because of a sore back." Dr. Reason then refers to a Dr. Hershey (presumably Dr. Charles Hershey, now deceased and formerly of Wheeling), who had seen plaintiff and had "questioned drug abuse." Dr. Reason then relates in his report a conversation that he had with plaintiff, B.W. Myers, the husband of Jackie Myers, who states: "In the conversation with her husband, he has felt that for some time,

---

[1]Also pending before this Court is a motion in limine of the defendant filed on January 10, 2007, pertaining to the testimony of Dave David, M.D. relating to endometriosis, which will be resolved by a separate memorandum opinion and order. Further, all other motions in limine filed by the parties have largely been resolved by the withdrawal of those motions or by pronounced orders of this Court at the pretrial conferences conducted by this Court.

2

there has been a drug abuse problem and he says that this has been verbalized to him as well by other people they know but not particularly physicians and he is in agreement that she has a drug abuse problem." This progress note apparently post-dates by a few days the surgery performed on June 7, 2003, which is the subject of this medical negligence civil action.

An answer to an interrogatory attached to plaintiffs' motion in limine indicates that on July 28, 2003, Dr. Reason notes that Mrs. Myers "stated that she was no longer abusing drugs." Plaintiff, B.W. Myers, in his deposition indicated that prior to Mrs. Myers's surgery, he had not "verbalized" to Dr. Reason the fact that his wife was taking a lot of prescription drugs. (B.W. Myers Dep. pp. 22-23.) In his response to the plaintiffs' first motion in limine, defendant Dr. Reason acknowledges and agrees that the mere "broad brush" of plaintiff, Jackie Myers, as a drug seeking plaintiff would be highly prejudicial and would outweigh any probative value that such evidence could tender for the jury's contemplation. Defendant argues, however, that Mrs. Myers's "clinical presentation along with either an inaccurate or unsubstantiated medical history, upon her presentation of June 7, 2003 is highly relevant to the determination of whether Dr. Reason acted accordingly to the applicable standard of care." Defendant further contends that: "It is highly prejudicial to prevent the defendant from investigating through lay and expert testimony the potentiality that Ms. Myers suffered from some psychological or

psychiatric defect as evidenced by her drug seeking behavior prior to the performance of the June 7, 2003 surgery. It is also prejudicial to the defense to exclude such evidence, argument, or inference in its entirety when such information if provided to Dr. Reason on June 7, 2003 may have caused a change in his pre-operative intra-operative or post-operative care of Ms. Myers." Of course, the contention that such lay and expert testimony (not identified by the defendant at that time) merely has the "potentiality" or that such information, if provided to Dr. Reason, may have caused a change in his pre-operative, intra-operative or post-operative care of Ms. Myers" is insufficient to render such evidence relevant to the primary issues in this case even as to the assertion that it somehow applies to the issue of damages.

With regard to the motion in limine dealing with Dr. Rex, defendant defends that motion in limine by asserting that plaintiffs have not chosen to depose Dr. Rex, and therefore would have no idea as to what his "anticipated testimony" would be. Of course, the plaintiffs may rely upon Dr. Rex's opinions given, which have not been supplemented as of this time. Accordingly, this Court does not believe that the plaintiffs should be prejudiced by the fact that they did not take Dr. Rex's deposition but merely relied upon his opinions rendered as part of other discovery. In his response, Dr. Myers contends that the effectiveness of post-operative relief of the plaintiff is relevant as to her tolerance to pain medication and whether or not it had

4

increased due to her drug abuse which, in turn, caused her pain and suffering. This pain and suffering, according to Dr. Reason, "may have been greatly reduced if she had adequately disclosed her drug usage so that the physicians may have taken additional actions." This Court believes that this assertion is speculative and this Court can find no evidence in the record in which any medical practitioner will testify to that effect. In fact, at the most recent pretrial conference, this Court inquired of defendant's counsel as to whether defendant has a physician who will say, to a reasonable degree of medical certainty or probability, that her conditions are not due to the removal of the ovaries but rather is due to the fact that she is over-medicating on drugs. If allowing such evidence of purported "drug abuse" is relevant to the issue of damages (which this Court believes it is not) it would be improper under Federal Rule of Evidence 403, particularly as it would be unfairly prejudicial to the plaintiffs. Allowing such evidence in this case would, this Court believes, insert the very issue that defendant assures this Court is not desired by the defendant namely to elevate drug abuse (assuming it can be proven) above the issue of whether or not Dr. Reason violated the applicable standard of care and the issue of whether or not the plaintiff Jackie Myers sustained psychological or emotional damages. Accordingly, plaintiffs' motions in limine on this subject are hereby GRANTED.

    IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   February 6, 2007

>                                    /s/ Frederick P. Stamp, Jr.
>                                    FREDERICK P. STAMP, JR.
>                                    UNITED STATES DISTRICT JUDGE