IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKIE MYERS and B.W. MYERS,
wife and husband,

    Plaintiffs,

v.                                        Civil Action No. 5:05CV134
                                                    (STAMP)

H. JOHN REASON, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE, TESTIMONY OR REFERENCE FROM
PLAINTIFFS' STANDARD OF CARE EXPERT WITNESS,
DAVE DAVID, M.D., TO THE EXTENT THAT HE EXPRESSLY
OR IMPLIEDLY ASSERTS THAT JACKIE MYERS
DID NOT SUFFER FROM ENDOMETRIOSIS**

On January 10, 2007, defendant, H. John Reason, M.D. ("Dr. Reason"), filed a motion in limine seeking an order from this Court prohibiting plaintiffs' standard of care expert witness, Dave David, M.D., from expressly or impliedly asserting during his testimony that the plaintiff, Jackie Myers, was not suffering from endometriosis prior to her July 1997 hysterectomy. The motion is based upon the fact that Dr. David's opinion on this topic has no basis under Federal Rules of Evidence 702 or 703. Defendant asserts that such testimony would be merely speculative and would not be based upon the proper evidentiary foundation. Defendant also states that, during his deposition, Dr. David was asked whether he had reason to believe that plaintiff Jackie Myers was suffering from endometriosis and that his answer was that he had no opinion on that subject. In his deposition, Dr. David did state

that Ms. Myers may not have suffered from endometriosis because he believed that other doctors may over diagnose this disease. That expert's testimony, asserts the defendant, is speculative and cannot represent an opinion based upon a reasonable degree of medical certainty or probability. In his deposition, Dr. David further testified that he did not see any documentation that Ms. Myers "specifically had endometriosis." In their response, plaintiffs allege that defendant "quoted selectively from his deposition transcript." Plaintiffs believe that Dr. David's testimony was simply that "endometriosis is a pathologic disease, not a visual one . . . ," and that Dr. David merely testified that he did not see a pathology report diagnosing endometriosis and that he would defer to that report if there was such a report. Plaintiffs assert that their expert, Dr. David testified in effect that there was no evidence of endometriosis either by history or at the time of the examination. Finally, plaintiffs maintain that the opinions of Dr. Malay Sheth, the defendant's standard of care expert, comport with Dr. David's opinions on endometriosis. (Sheth Dep. pp. 26-27.) Dr. Sheth testified that there was some historical record of endometriosis on the chart and that she did not know how to answer a question as to whether endometriosis is often over diagnosed or over identified. Dr. Sheth also testified that she had not seen any biopsy data on that subject.

This Court believes that, to the extent that the motion in limine seeks to prohibit Dr. Dave David from testifying that

plaintiff Jackie Myers did not have endometriosis at the relevant time in question, this motion in limine should be and hereby is GRANTED because Dr. David was unable to give such an opinion in response to a direct question in his deposition.  (See David Dep. p. 88 lines 17-20.)  This Court at this time renders no opinion as to whether or not other testimony concerning endometriosis may or may not be relevant in this case.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to counsel of record herein.

    DATED:    February 6, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE